IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-154-BO

| | |
|---|---|
| SHARON G. HOUSEHOLDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Wilmington, North Carolina on July 24, 2007, and the matter is now ripe for ruling. For the reasons discussed below, Plaintiff's Motion is DENIED, Defendant's Motion is GRANTED, and the matter is AFFIRMED.

## BACKGROUND

On September 5, 2001, Plaintiff filed for benefits alleging disability since February 1, 2001. After an initial denial, a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling. Plaintiff appealed, and the Appeals Council remanded the case to the ALJ, who again determined that Plaintiff was not disabled under the law. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became final. Plaintiff timely commenced the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the

Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Plaintiff's fibromyalgia, cervical degenerative disc disease, right knee cyst and hypothyroidism were considered severe at step two, but did not meet or equal a listing at step three. Finding the Plaintiff lacked credibility, the ALJ found that Plaintiff retained the residual functional capacity to perform light work. At step four, Plaintiff's

2

impairments did not prevent her from returning to her past relevant work as a recreation supervisor.

I. Treating Physician Opinion

Plaintiff argues that the ALJ did not give proper weight to the opinion of a treating physician. Dr. Marshall opined that Plaintiff's pain allegations were credible and consistent with her medical history. The ALJ considered the opinion, and gave it some weight, but not controlling weight. A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). In discounting the opinion of Dr. Marshall, the ALJ noted that: Plaintiff did not see Dr. Marshall regularly in 2001: Plaintiff was considerably active in 2001; Plaintiff's failed to take pain medication; and Dr. Marshall's opinion did not articulate exactly how Plaintiff was limited. The ALJ's discounting of Dr. Marshall's opinion is supported by substantial evidence and the ALJ correctly applied the treating physician rule.

Plaintiff also agues that the ALJ failed to cite to Dr. Marshall's January 4, 2005, opinion, pursuant to the remand order from the Appeal Council. The ALJ did address significant portions of Dr. Marshall's opinion, including the April 2003 opinion. The January 2005 opinion largely duplicates the April 2003 opinion. The ALJ's consideration of Dr. Marshall's January 2005 opinion was appropriate.

II. Past Relevant Work Determination

Plaintiff argues that she should be found disabled based on Medical-Vocational Rule 201.06. However, this argument is unavailing because the Medical-Vocation Rules are used only at step five, and Plaintiff was found able to perform her past relevant work at step four.

3

Accordingly, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED, and this matter is AFFIRMED.

SO ORDERED, this 2 day of August, 2007.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE